UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO SALINAS, | ) | CASE NO. CV 12-7333-JST (PJW) |
| Petitioner, | ) ) | [~~PROPOSED~~] ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE TO REFILE FOLLOWING EXHAUSTION OF STATE REMEDIES AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) ) | |
| L.S. MCEWEN, WARDEN, | ) ) | |
| Respondent. | ) ) | |

## I.
## INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus in which Petitioner seeks to challenge a 2010 conviction for second degree murder. As explained in detail below, because the claims are not exhausted, the Petition is subject to dismissal without prejudice.

## II.
## SUMMARY OF PROCEEDINGS

A. <u>State Court Proceedings</u>

In February 2010, Petitioner was found guilty by a jury in Los Angeles County Superior Court of second degree murder and sentenced to prison for 41 years to life. (Petition at 2.) Petitioner appealed to the California Court of Appeal. The appellate court affirmed the

conviction and sentence. See *People v. Salinas*, 2011 WL 787726, at *1 (Cal. App. Mar. 8, 2011). Petitioner then filed a petition for review in the California Supreme Court, claiming "[r]eview [is] necessary to determine whether Petitioner[']s conviction on second degree murder must be reversed." (Petition at 3.) The petition was denied on May 11, 2011. (See http://appellatecases.courtinfo.ca.gov (Case No. S191761).)

On September 2, 2011, Petitioner filed a habeas corpus petition in Los Angeles County Superior Court. (See Petition at 3-4; Exh. A to Petition.) On August 13, 2012, he filed a habeas petition in the California Supreme Court. (Exh. B to Petition; see http://appellatecases.court.info.ca.gov (Case No. S204704).) That petition is still pending.

B.  Federal Court Proceedings

On August 27, 2012, Petitioner, proceeding pro se, filed the instant Petition in this court, pursuant to 28 U.S.C. § 2254. In it, he expressly incorporated the same claims that he raised in his pending state supreme court habeas corpus petition, (see Petition at 5-6), namely:

1. Ineffective assistance of counsel in plea bargaining.
2. Denial of choice of counsel during trial.
3. Admission of false testimony.
4. Denial of right to cross-examination.
5. Failure to properly instruct the jury.

(Petition at 5-6; Exh. B to Petition.)

2

### III.

### DISCUSSION

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, Congress has instructed that relief is not available unless the claims have been exhausted or there is no available state corrective process. *See* 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, *and* the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

In this case, Petitioner has not exhausted his state remedies with regard to any of the claims raised in this Petition. In fact, those claims are still pending in the California Supreme Court. Petitioner acknowledges as much in his Petition. (See Petition at 6.) Because the Petition is completely unexhausted, it is hereby dismissed without prejudice to re-file once Petitioner has exhausted his claims. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Furthermore, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court was incorrect in its procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). As a result, he is not entitled to a certificate of appealability.

IT IS SO ORDERED.

DATED: August 31, 2012.

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\SALINAS, A 7333\proposed order.wpd